NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LLIRJAN BIDA, | Civil Action No. 12-6876 (CCC) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| SHARON JOHNSON, | |
| Defendant. | |

1.  This matter comes before the Court upon Plaintiff's submission of a civil complaint and an application to proceed in this matter in forma pauperis ("IFP"). See Docket Entries Nos. 1 and 1-2.

2.  Plaintiff's IFP application indicates that his monthly income is equal to "$1,400 + 880 + 900 + 800," Docket Entry No. 1-2, at 1-2 and 5 (also clarifying that this income is derived from rents of Plaintiff's real estate property, and it is usually $5,780).[1]

3.  His complaint asserts that, during 2011 and 2012, Plaintiff commenced and litigated a state law action seeking eviction of one of his tenants. See Docket Entry No. 1, at 1-2. The complaint also asserts that a Judge in the Superior Court of New Jersey, Law Division, ruled against Plaintiff in that state matter and directed Plaintiff's payment to

---

[1] In addition, Plaintiff stated that his real estate properties are worth $280,000, $80,000 and $ 290,000, respectively, his vehicle is worth $800, and he has $200 in his bank account. Docket Entry No. 2-3. He also stated that, from his $5,780 monthly income, he spends $5,712 on his needs that include $20 of monthly dry cleaning, $110 in dental and medical care, $280 in transportation, $10 in entertainment, etc. See id. at 4.

said tenant ("Tenant").[2] The Superior Court of New Jersey, Appellate Division, affirmed the ruling when Plaintiff appealed. See id. Plaintiff now seeks this Court's order vacating the state courts' rulings as to payment of the relocation fee.

4. Plaintiff's application to proceed in this matter in forma pauperis is denied, since payment of the $350 filing fee cannot be perceived as unduly burdensome if assessed against Plaintiff's income and life style.[3] See Adkins v. E. I. DuPont De Nemours & Co., Inc., 335 U.S. 331 (1948).

5. Plaintiff asserted, as his jurisdictional basis, the Fifth Amendment to the United States Constitution,[4] see id. at 1. The Clerk designated Plaintiff's cause of action as "42:405

---

[2] It appears that the Tenant counter-claimed against Plaintiff in that state action by seeking a relocation fee.

[3] In Adkins, the plaintiff stated, in her affidavit, that she was a widow 74 years of age, that the estimated cost of her record on appeal was $ 4,000, that all she owned was a house inherited from her husband which had been appraised at a value of $ 3,450, and that her only source of income was a small rent from parts of her home without which she would not be able to purchase the necessities of life. The lower courts concluded that the affidavit of poverty prerequisite of § 1915 required that a party desiring to proceed in forma pauperis must be able to show by sworn affidavit that (s)he had contributed virtually his/her last dollar to the cost of litigating the suit. The Supreme Court: (a) reversed and ruled that a federal court should not use the affidavit of indigency requirement of § 1915 as a tool to force a party to prove that he is absolutely destitute before allowing that person to proceed in forma pauperis; but (b) clarified that the district court enjoys discretion to determine whether the payment of the fees would be unduly burdensome. See Adkins, 335 U.S. 331; see also Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915). Here, Plaintiff's monthly income greatly exceeds the filing fees associated with commencement of this action. Therefore, the Court has no basis to find that expenditure of the $350 filing fee would be unduly burdensome to him.

[4] Section 1983 and the Fourteenth Amendment apply to actions fairly attributable to state or local government, while the Fifth Amendment applies to actions fairly attributable to the federal government. Hence, to the extent Plaintiff's allegations could be construed as challenges against the Law Division Judge and Appellate Division, the Court construed Plaintiff's claims as raising the Fourteenth Amendment.

Fair Housing Act."[5] However, the claims at issue offer nothing but: (1) already adjudicated state law challenges, as to the Tenant; and (2) implied claims against the Law Division Judge and the Appellate Division.[6] See, generally, Docket Entry No. 1.

6. Federal courts have the mandate to exercise: (a) federal question jurisdiction over "issues arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (b) diversity jurisdiction over disputes between citizens of different states. See 28 U.S.C. § 1332. A diversity claim requires a showing of complete diversity in the sense that "no plaintiff can be a citizen of the same state as any of the defendants." Midlantic Nat'l Bank v. Hansen, 48 F.3d 693 (3d Cir. 1995). Here, Plaintiff's claims against the Tenant are jurisdictionally deficient because Plaintiff's claims regarding the state court action cannot provide a basis for a federal question jurisdiction, and the complaint unambiguously establishes that both Plaintiff and the Tenant were and are domiciled in New Jersey, thus defeating diversity jurisdiction.

7. Moreover, to the extent Plaintiff's claims could be construed as asserting challenges against the Law Division Judge or the Appellate Division Judges empaneled in

---

[5] Section 405 governs the processes of obtaining, administratively, and having judicial review of, the decisions as to one's benefits under the Social Security Act. See 42 U.S.C. § 405. The Fair Housing Act, focuses on racial discrimination in the sale or rent of real property and other discriminatory actions prohibited to property owners. See 42 U.S.C. § 3604. No statement made in Plaintiff's submissions indicates that these Acts are implicated in Plaintiff's case.

[6] Therefore, the Court will direct the Clerk to alter the docket by changing the "Cause" and "Nature of Suit" designations so to correctly reflect the nature of Plaintiff's claims.

> Petitioner's state court appeal, those claims are facially without merit as barred by judicial immunity.[7]

8. The same result ensues to the extent Plaintiff attempts to raise a claim against the Appellate Division itself (or the Law Division), since these courts are not amenable to suit, not being "persons" within the meaning of § 1983 for the purposes of monetary damages or injunctive relief. See Quern v. Jordan, 440 U.S. 332 (1978); Clark v. Clark, 984 F.2d 272 (8th Cir. 1993); Zuckerman v. Appellate Division, Second Dept., Supreme Court of N.Y., 421 F.2d 625 (2d Cir. 1970).

9. In the event Plaintiff commenced the instant matter intending that this Court review the decision of the Appellate Division, Plaintiff's action is also facially deficient: federal courts of district and circuit levels hold no appellate mandate over the state courts. See City of Chicago v. International College of Surgeons, 522 U.S. 156, 180 (1997).

---

[7] The doctrine of judicial immunity provides that judges are immune from suit for monetary damages arising from their judicial acts. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000); see also Mireles v. Waco, 502 U.S. 9 (1991) (per curiam). To determine whether the judicial immunity doctrine applies, the Court must establish: (a) whether the judge's actions were "judicial" in nature; and (b) whether the judge acted in the "clear absence of all jurisdiction over the subject matter." Stump v. Sparkman, 435 U.S. 349, 356 n.6 (1978). Where a judge "was properly called to preside over [a litigant's court proceeding], there could be no basis for a presumption that [the judge] acted in the clear absence of all jurisdiction." Peeples v. Citta, 2012 U.S. Dist. LEXIS 52895, at *15 (D.N.J. Apr. 16, 2012) (internal quotation marks and citation omitted). An act is judicial in nature if "it is a function normally performed by a judge" and if the parties "dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. "[A litigant's] allegations of bad faith [and] malice cannot overcome [judicial] immunity." Abulkhair v. Rosenberg, 457 F. App'x 89 (3d Cir. Jan. 10, 2012) (quoting Mireles, 502 U.S. at 11). Simply put, "an act does not become less judicial by virtue of an allegation" that such action is "unfair." Gallas, 211 F.3d at 769; accord Stump, 435 U.S. at 363 ("[d]isagreement with the action taken by the judge . . . does not justify depriving the judge of his immunity").

10. Finally, to the extent Plaintiff's challenges could be perceived as an attempt to re-litigate Plaintiff's state court trial-level or appellate-level actions against the Tenant, these challenges are jurisdictionally barred by the Rooker-Feldman doctrine.[8]

11. Thus, Plaintiff will be denied IFP status, and his complaint will be dismissed.[9]

IT IS on this ___30___ day of ___April___, 2013,

ORDERED that the Clerk shall alter the docket created in this matter by changing the "Cause" to "42:1983 Civil Rights Act," and the "Nature of Suit" to "440 Civil Rights: Other," in order to correctly reflect the nature of Plaintiff's claims; and it is further

ORDERED that Plaintiff's application to proceed in this matter in forma pauperis, Docket Entry No. 1-2, is denied. Such denial is without prejudice; and it is further

ORDERED that the complaint, Docket Entry No. 1, is dismissed. Such dismissal is without prejudice; and it is finally

---

[8] Federal district courts are precluded from acting as courts of appeal by hearing cases already heard by state courts. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998)(citations omitted). This rule generally applies whether the state court judgment is civil or criminal, and whether it construes state or federal law. See Allen v. McCurry, 449 U.S. 90, 104 (1980). Moreover, it applies to issues that were actually raised and to those "inextricably intertwined" with adjudication by a state court. See Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 418 (3d Cir. 2003). If the Rooker-Feldman doctrine applies, the district court must dismiss the case on jurisdictional grounds. See id. at 419.

[9] If Plaintiff wishes to allege viable claims, he must do it in another civil complaint, which he should submit together with the filing fee of $350.

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and close the file on this matter.

_____
**Claire C. Cecchi,**
United States District Judge